TYLER M. PAETKAU, Bar No. 146305
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399-8490

Attorneys for Defendant
HUMBOLDT PETROLEUM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCY VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HUMBOLDT PETROLEUM, A California corporation, dba 5th STREET SHELL STATION and DOES ONE to FIFTY, inclusive,<br><br>Defendants. | Case No. C 07-05284 MEJ<br><br>**DEFENDANT HUMBOLDT PETROLEUM, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Judge: Hon. Magistrate Maria-Elena James<br>Dept: Courtroom B<br>Complaint Filed: October 17, 2007<br>Trial Date: None Set |

Defendant HUMBOLDT PETROLEUM, INC. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff MARCY VELASQUEZ ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. The allegations contained in paragraph 1 are legal conclusions that the Defendant is not obligated to answer. Defendant submits that jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C § 1331 as a result of original jurisdiction based on federal question.

2. Defendant admits that the conduct complained of allegedly occurred in Eureka, California. Defendant submits that venue is proper in this Court pursuant to 28 U.S.C §§ 84(a), 1331 & 1391.

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO
PLAINTIFF'S UNVERIFIED COMPLAINT

CASE NO. C 07-05284 MEJ

## INTRODUCTION

3.  Defendant admits that the 5th Street Shell Station is located at 1310 5th Street, Eureka, California. Defendant further admits that the 5th Street Shell Station is owned and operated by Defendant.

4.  Defendant admits that Plaintiff purports to bring an action for violation of Plaintiff's civil rights under federal and California law as alleged in paragraph 4 of the Complaint. Except as expressly admitted, Defendant denies all other allegations in paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5.  Defendant is without sufficient knowledge to form a belief that Plaintiff is disabled as alleged in paragraph 5 of the Complaint.

6.  Defendant admits that the 5th Street Shell Station is owned and operated by Defendant. Except as expressly admitted, Defendant denies all other allegations contained in Paragraph 6 of the Complaint.

7.  Defendant admits the allegations contained in paragraph 7 of the Complaint. ?? With the exception of: builders.

8.  Defendant admits that the 5th Street Shell Station is owned and operated by Defendant. Except as expressly admitted, Defendant denies all other allegations contained in Paragraph 8 of the Complaint.

9.  Paragraph 9 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that it is the owner and operator of the 5th Street Shell Station located in Eureka, California. Defendant denies that the 5th Street Shell Station was constructed after 1990. The remaining allegations contain legal conclusions that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT               2.                              CASE NO. 07-05284 MEJ

12. Defendant is without sufficient knowledge to form a belief whether Plaintiff visited the 5th Street Shell Station located in Eureka, California on or about June 27, 2007 for the purpose of buying goods, and on that basis, Defendant denies all other allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, on that basis, denies said allegations.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff seeks various remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant denies all other allegations contained in Paragraph 16 of the Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

(42 U.S.C § 12101, *et seq.*)

17. Paragraph 17 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth, its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

18. Paragraph 18 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

3.

CASE NO. 07-05284 MEJ

allegations contained in paragraph 20 of the Complaint.

21.  Paragraph 21 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 21 of the Complaint.

22.  Paragraph 22 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 22 of the Complaint.

23.  Paragraph 23 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 23 of the Complaint.

24.  Paragraph 24 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 24 of the Complaint.

25.  Paragraph 25 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies the allegations as contained in paragraph 25 of the Complaint.

26.  Paragraph 26 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 26 of the Complaint.

27.  Paragraph 27 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 27 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT   4.   CASE NO. 07-05284 MEJ

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 30 of the Complaint. Defendant denies all other allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 32 of the Complaint. Defendant denies all other allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 33 of the Complaint. Defendant denies all other allegations contained in Paragraph 33 of the Complaint.

## SECOND CAUSE OF ACTION

## BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL DISABILITIES (California Health & Safety Code § 19955, *et seq.*)

34. Paragraph 34 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth, its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

35. Paragraph 35 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT         5.         CASE NO. 07-05284 MEJ

allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations set forth in paragraph 38 of the Complaint.

39. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, on that basis, denies said allegations.

40. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, on that basis, denies said allegations.

41. Paragraph 41 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 46 of the Complaint. Defendant denies all other allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 47 of the Complaint. Defendant denies all other allegations contained in Paragraph 47 of the Complaint. For example, Plaintiff sent a letter to Defendant on June 27, 2007 complaining about alleged accessibility problems she encountered at the subject property. On July 23, 2007, Defendant replied to Plaintiff, addressing the alleged accessibility problems and stating that a review of the subject property had been initiated and that specific accessibility issues would be addressed immediately and prior to any review. Said letters

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT     6.     CASE NO. 07-05284 MEJ

are attached hereto collectively as "Exhibit A" and incorporated by reference as though fully set forth herein.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 49 of the Complaint. Defendant denies all other allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 50 of the Complaint. Defendant denies all other allegations contained in Paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA'S CIVIL RIGHTS ACT

### (California Civil Code § 54, 54.1 and 54.3.)

51. Paragraph 51 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth, its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

52. Defendant admits that the 5th Street Shell Station is a public facility and public accommodation within the meaning of California Health & Safety Code Section 19955 *et seq.* and is a facility to which members of the public are invited. Defendant is without sufficient knowledge to form a belief whether or not Plaintiff is a person with a disability. Defendant denies all other allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 55 of the Complaint. Defendant denies all other allegations contained in Paragraph 55 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

7.

CASE NO. 07-05284 MEJ

56. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 56 of the Complaint. Defendant denies all other allegations contained in Paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 57 of the Complaint. Defendant denies all other allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 59 of the Complaint. Defendant denies all other allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 63 of the Complaint. Defendant denies all other allegations contained in Paragraph 63 of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA'S UNRUH CIVIL RIGHTS ACT

### (California Civil Code § 51 and 51.5.)

64. Paragraph 64 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendant incorporates by reference, as though fully set forth, its responses stated above to each of the paragraphs Plaintiff incorporates by reference.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions or principles that Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions or principles that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT    8.    CASE NO. 07-05284 MEJ

Defendant is not obligated to answer. To the extent that a response is required, Defendant denies Plaintiff's interpretation of the statutes, as the statutes speaks for themselves, and denies the allegations contained in paragraph 67 of the Complaint.

68.   Defendant admits that Plaintiff seeks certain remedies, but Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 68 of the Complaint. Defendant denies all other allegations contained in Paragraph 68 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's unverified Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.   Defendant alleges that neither the Complaint, nor any cause of action set forth therein, states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.   Defendant alleges that Plaintiff's claims are barred from any remedy, or certain remedies, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

3.   Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or alleged omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4.   Defendant alleges that Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

### FIFTH AFFIRMATIVE DEFENSE

5.   Defendant alleges that Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6.   Defendant alleges that Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT                    9.                    CASE NO. 07-05284 MEJ

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant alleges that Plaintiff lacks standing to sue.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants alleges that Plaintiff has failed to mitigate her alleged damages.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant alleges that California Civil Code §§ 51, 52, 54, 54.1 and 54.3 and California Health and Safety Code §§ 19955 *et seq.* do not create a private cause of action for damages for alleged discrimination. California Civil Code § 55 provides only a private cause of action to enjoin such alleged statutory violations.

### TENTH AFFIRMATIVE DEFENSE

10. Assuming *arguendo* that Plaintiff was denied access to a place of public accommodation (which Defendant expressly denies), Defendant alleges that such exclusion was not unlawful because access could not be provided to Plaintiff without causing undue hardship to Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Assuming *arguendo* that Plaintiff was denied access to the subject facility (which Defendant expressly denies), Defendant alleges that such exclusion was not unlawful because access could not be provided to Plaintiff without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

### TWELFTH AFFIRMATIVE DEFENSE

12. Assuming *arguendo* that Plaintiff was denied access to the subject facility (which Defendant expressly denies), Defendant alleges that such exclusion was not unlawful because barrier removal was not "readily achievable."

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Assuming *arguendo* that Plaintiff was denied access to the subject facility, Defendant alleges that such exclusion was not unlawful because the facility operated by Defendant was not a newly constructed facility and did not have any alterations, requiring compliance with Title III of the Americans with Disabilities Act, California Health & Safety Code Section 19955 *et seq.*, or Title 24

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

10.

CASE NO. 07-05284 MEJ

of the California Code of Regulations, during the relevant time frame.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Assuming *arguendo* that the facilities at issue were designed, developed, constructed, modified and/or altered in violation of federal and/or California law, Defendant alleges that all legal requirements for access by disabled persons have been met through the obtaining of necessary permits from appropriate legal authorities for the construction, alteration or modification of the premises, and that Defendant reasonably relied on the actions of such legal authorities.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant alleges that California Civil Code §§ 54.3 and 55, providing for public prosecution and private injunctive relief for violations of California Civil Code § 54.1, are to be exclusive, and that damages provided for by California Civil Code § 52 are not recoverable for such violations.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Assuming *arguendo* that the facilities at issue were designed, developed, constructed, modified and/or altered in violation of federal and/or California law, Defendant alleges that it had no such knowledge.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendant alleges that it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased and/or operated by Defendant as required by California and federal laws, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the California Disabled Persons Act, California Civil Code §§ 54 *et seq.*, the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*, and the California Health and Safety Code Part 5.5.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants alleges that it provided Plaintiff with alternative methods for access to the facility.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant alleges that Plaintiff has failed to exhaust the administrative remedies

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

11.

CASE NO. 07-05284 MEJ

available to her.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant alleges that Plaintiff failed to notify Defendant of her need, if any, for equivalent service and access or accommodation, and failed to allow Defendant the opportunity to provide such equivalent service and access or accommodation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Defendant alleges that the acts or omissions alleged were the proximate result of the conduct of third persons such that Defendant cannot be held liable for such acts or omissions, and that said third persons owe a duty to Defendant to indemnify it for any damages, attorneys' fees and/or costs incurred as a result of its litigation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Defendant alleges that the alleged acts or omissions to which Plaintiff refers which form the basis of Plaintiff's Complaint were done, if at all, in good faith, honestly and without malice and Defendant has not violated any rights Plaintiff may have under federal, state or local laws, regulations or guidelines.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Defendant alleges that the cost of some or all of the modifications to the subject properties that Plaintiff seeks to have imposed upon Defendant is disproportionate in terms of the cost and scope to that of any alterations made within the statutory period, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendant alleges that it granted Plaintiff access to the subject facilities, and if Plaintiff was in fact excluded from the subject facility, any such exclusion was for reasons rationally related to the services performed and the facilities provided by Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Defendant alleges that it has fulfilled any obligation that it may have had to reasonably accommodate Plaintiff's alleged disabilities.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Defendant alleges that any and all actions taken by Defendant, or anyone acting on its

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT    12.    CASE NO. 07-05284 MEJ

behalf, if any, with respect to Plaintiff or the conditions of the establishment in question, were for lawful and legitimate, non-discriminatory reasons.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant alleges that the Complaint and each and every cause of action alleged therein is barred in that at all times relevant hereto, Defendant acted reasonably, in good faith and without malice, based upon the relevant facts and circumstances known to it at the time it acted, if at all.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Defendant alleges that Defendant's services and/or facilities provided to the public are readily accessible to and usable by persons with disabilities as required by California and federal laws, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the California Disabled Persons Act, California Civil Code §§ 54 *et seq.*, the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*, and the California Health and Safety Code Part 5.5.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Defendant alleges that Plaintiff was not a true customer of the business, and that Plaintiff was merely a tester engaged in visiting the subject facilities in order to ascertain whether there were any purported ADA and/or related violations.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Assuming *arguendo* that Plaintiff was denied access to the subject facility, Defendant alleges that it would be structurally impracticable to design and construct the facility to make it reasonably accessible to people with disabilities.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Assuming *arguendo* that Plaintiff was denied access to the subject facility, Defendant alleges that such exclusion was not unlawful because the facility in which Defendant operates its business was not a newly constructed facility, nor did it have any alterations requiring compliance with any applicable law during the relevant timeframe.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Defendant alleges that Plaintiff did not exercise due caution or care with respect to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT    13.    CASE NO. 07-05284 MEJ

matters alleged in the Complaint and if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise by entitled must be denied or reduced accordingly.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendant alleges that Plaintiff had equal access to the facilities at issue as non-disabled individuals.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendant alleges that Plaintiff is not legally entitled to recover any attorneys' fees with regard to this matter.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Defendant alleges that Plaintiff has failed to state facts sufficient to set forth claim(s) for treble damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Defendant alleges that Plaintiff has failed to allege special damages with the requisite degree of specificity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Defendant alleges that it owed no duty of care toward Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Defendant alleges that Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Defendant alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

### FORTIETH AFFIRMATIVE DEFENSE

40. Defendant reserves the right to amend its answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT — 14. — CASE NO. 07-05284 MEJ

# PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by way of her Complaint and each claim for relief therein;

2. The Complaint and each claim for relief therein be dismissed in entirety with prejudice;

3. Judgment be entered in favor of Defendant and against Plaintiff;

4. Defendant recover its costs and reasonable attorneys' fees incurred herein as Plaintiff and their counsel are vexatious litigants who filed and pursued these frivolous claims. *See Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924 (C.D. Cal. 2005) (plaintiffs' counsel must seek leave of court before filing any claims under Americans With Disabilities Act), *affirmed by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007); *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) (claim under American With Disabilities Act against Defendants constituted vexatious litigation), *affirmed by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).

5. Defendant be awarded its costs of suit herein; and

6. The Court grant Defendant such additional relief as is just and proper.

Dated: December 17, 2007

_____
TYLER M. PAETKAU
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HUMBOLDT PETROLEUM, INC.

Firmwide:83692950.1 058374.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                    15.                    CASE NO. 07-05284 MEJ

# EXHIBIT A

5th **Street Shell Station**
1310 5th Street
Eureka, California 95503
June 27, 2007

Dear Owners/Operators of 5th **Street Shell Station**:

    I am writing today in order to bring to your immediate attention several violations of the Americans with Disabilities Act and California state laws that exist at your place of, 5th **Street Shell Station at 1310 5th Street, Eureka, California.**

    On June 27, 2007, I was in town and stopped at your gas station store. I am permanently disabled due to the loss of my leg, and I require the use of a wheelchair for mobility. Due to many barriers that exist at the 5th **Street Shell Station** I was unable to access many portions of your gas station store as required by federal and state laws.

    On June 27, 2007 I was buying goods at your gas station store and I had to use the restroom, but I couldn't fit my wheelchair past the counter to get into the restroom as your front counter is 'blocking' and interferes with the entry way for wheelchair passage. Your gas station store has no handicapped parking, no signs anywhere showing accessibility for handicapped people. Your counter to pay for goods and services is too high for me to reach and your front doors are too heavy to push open and your front doors do not have a kick plate on them to help me push open your doors. Your isles inside are too narrow and the arraignment of your goods are so cluttered making it hard to buy the goods in a wheelchair.

    It has long been a matter of federal and state law that places of public service and gas stations, such as 5th **Street Shell Station**, have been required to incorporate accessible features for use by persons with disabilities. On behalf of the disabled community, I would greatly appreciate your prompt attention to these matters. There are many options available to you to easily remediate the barriers to access that exist at your gas station store in a timely and cost effective manner. Tax credits and deductions are available to assist you in making your gas station store accessible for everyone to enjoy, including those of us who are disabled.

    I am requesting a response in writing as to your corrective plan of action for remediation of the barriers to access at your gas station store within 30 days of your receipt of this letter. I would like to be able to buy goods at 5th **Street Shell Station** again in the future; however, with the present state of inaccessibility, this would be near impossible. Please address and fix the barriers to access I've described above so that I may visit and buy goods at the 5th **Street Shell Station** during future trips to Eureka.

    Please be advised that the need for a lawsuit may arise if these defects are not fixed within a reasonable time. I, and other likewise situated people, would appreciate it if you would voluntarily make your facilities accessible under the ADA and California state law guidelines. Your cooperation in this matter is greatly appreciated, thank you. I look forward to your response.

                                                                       Sincerely,

                                                                       Marcy J. Velasquez
                                                                       53 West Center, Apt B
                                                                       Rio Dell, CA 95562



July 23, 2007

Ms. Marcy Velasquez
53 West Center
Apartment B
Rio Dell, CA 95562

Dear Ms. Velasquez:

I am receipt of your letter of June 27, 2007 and would like to apologize for any inconvenience you encountered at the 5th Street Shell station.

Since your letter, I have initiated a review of the station.

More specifically, I will be commencing work related to the identification of the handicapped parking space and signage. Also, I have directed the adjustment of the gondola and counter layout to improve ingress/egress.

Please know that our organization very much appreciates your business and regrets any inconvenience to you. Also, please feel free to call on our staff for any assistance you may need, as we instill customer service in our training.

We look forward to your continued patronage.

Sincerely Yours,

Eric Dean

Eric Dean
General Manager-Retail