1  **Jason K. Singleton**, State Bar #166170
   jason@singletonlawgroup.com
2  **Richard E. Grabowski**, State Bar # 236207
   rgrabowski@mckinleyville.net
3  **SINGLETON LAW GROUP**
   611 "L" Street, Suite A
4  Eureka, CA 95501
   (707) 441-1177
5  FAX 441-1533

6

7  Attorney for Plaintiff, MARCY VELASQUEZ

8  <center>UNITED STATES DISTRICT COURT</center>

9  <center>NORTHERN DISTRICT OF CALIFORNIA</center>

| | |
|---|---|
| MARCY VELASQUEZ, | Case No. C-07-5284 CW |
| Plaintiff, | ADMINISTRATIVE MOTION FOR RELIEF FROM GENERAL ORDER 56, PURSUANT TO GENERAL ORDER 56 AND LOCAL RULE 7-11, AND DECLARATION OF JASON SINGLETON IN SUPPORT HEREOF. |
| v. | |
| HUMBOLDT PETROLEUM, a California corporation, dba 5th STREET SHELL STATION and DOES ONE to FIFTY, inclusive, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Plaintiff, **MARCY VELASQUEZ**, hereby moves for an order relieving the parties from Northern District General Order 56.

<center>**DISCUSSION**</center>

This is an Americans with Disabilities Act Title III case. General Order 56 requires, inter alia, the parties meet and confer on the subject property, conduct a joint inspection, and confer on resolution of the barriers to access. The parties conducted a joint inspection, and subsequently conferred substantively on the specific barriers to access, the applicable law, and remediation. The parties could not reach common ground on remediation and Plaintiff filed a Notice of Need for Mediation as required by General Order 56. The matter was sent out for mediation with Jeffrey Goldfien. Mr. Goldfien, counsel for Plaintiff, Jason Singleton, and counsel for Defendant, Tyler Paetkau, held the initial telephone conference on March 31, 2008,

pursuant to Local ADR Rule 6-6. Without revealing any more than is necessary of that conversation, Defendant is apparently unwilling to participate in any mediation. Plaintiff desires mediation.

Subsequent to the telephone conference with the assigned mediator, Plaintiff's counsel sent an email to Defense Counsel requesting the parties either attend mediation, or alternatively that Defendant draft a proposed stipulation relieving the parties of the obligations of General Order 56. Defense Counsel has not responded.

General Order 56 imposes a stay on all proceedings until after the parties have participated in mediation. Since Defendant refuses to set a date for mediation, the matter is not proceeding in any fashion. Consequently, Plaintiff respectfully moves the Court to, alternatively:

1. Order the parties to mediation.
2. Relieve the parties from General Order 56, or;
3. Set a case management conference.

Respectfully submitted.

**SINGLETON LAW GROUP**

Dated:    April 14, 2008            /s/ Jason K. Singleton
                                    Jason K. Singleton,
                                    Richard E. Grabowski, Attorneys for
                                    Plaintiff, **MARCY VELASQUEZ**

**DECLARATION OF JASON K. SINGLETON**

I, Jason K. Singleton, hereby declare as follows:

1. I have personal and firsthand knowledge of each fact hereinafter set forth, and if called to testify could and would competently testify thereto.

2. The foregoing "DISCUSSION" is incorporated by reference herein as though set forth in full.

I declare under the penalty of perjury under the laws of the United States that the

1  foregoing is true and correct.

2  
3  Dated:      April 14, 2008                    /s/ Jason K. Singleton
                                                 Jason K. Singleton