TYLER M. PAETKAU, Bar No. 146305
AISHA N. BARBEAU, Bar No. 254339
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:    415.399-8490

Attorneys for Defendant
HUMBOLDT PETROLEUM, INC.

Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar # 236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533

Attorney for Plaintiff, MARCY VELASQUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCY VELASQUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HUMBOLDT PETROLEUM, A California corporation, dba 5th STREET SHELL STATION and<br>DOES ONE to FIFTY, inclusive,<br><br>　　　　　　Defendants. | Case No.  C 07-5284 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>CMC Date:　July 22, 2008<br>Room:　　　Courtroom 2, 4th Floor<br>Time:　　　2:00 p.m.<br>Judge:　　　The Honorable Claudia Wilken<br><br>Complaint Filed:  October 17, 2007 |

The parties, Plaintiff Marcy Velasquez ("Ms. Velasquez" and/or "Plaintiff") and Defendant Humboldt Petroleum ("Humboldt" or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation

JOINT CASE MANAGEMENT
STATEMENT AND RULE 26(f) REPORT

CASE NO. C 07-05284 CW

of the Case Management Conference scheduled for July 22, 2008 at 2:00 p.m., Courtroom 2, 4th floor, before The Honorable Claudia Wilken.

## I. JURISDICTION AND SERVICE

Subject matter jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C Section 1331 as a result of original jurisdiction based on federal question. Venue is proper in this Court pursuant to 28 U.S.C Sections 84(a), 1331 & 1391. No issues exist as to personal jurisdiction. All parties have been served and are subject to the Court's jurisdiction. Humboldt has not brought any counterclaims in this action.

## II. FACTS

### A. Plaintiff's Description Of The Case

Plaintiff visited Defendant's 5th Street Shell station on June 27th 2007. The cashier counter configuration so narrowed the path of travel to the restrooms that Plaintiff was unable to get to the bathroom. There were other problems that she noted, including, inaccessible doors, parking, access aisles through the mini market, and cashier counter height. Simply put, the facility was inaccessible to people with disabilities.

Plaintiff wrote a letter requesting that Defendant remove the barriers to access. Defendant wrote Plaintiff back stating they were making changes to improve access. Plaintiff's travels brought her back to the 5th Street Shell some three months later. The barriers to access remained. The within suit followed.

### B. Defendant's Description Of The Case

Ms. Velasquez allegedly visited Humboldt's gas station and convenience store known as the 5th Street Shell Station ("the Shell Station") on June 27, 2007. Ms. Velasquez sent a demand letter addressed to the Shell Street Station the same day as her alleged visit, complaining of several alleged accessibility issues that she allegedly encountered. Ms. Velasquez demanded a response to her letter within 30 days. Humboldt sent a response letter on July 23, 2007, apologizing for any inconvenience and informing Ms. Velasquez of the specific and immediate steps that Humboldt planned to take to address Ms. Velasquez's complaints.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT    2.    CASE NO. 07-05284 CW

In the meantime, and despite not hearing again from Ms. Velasquez, Humboldt began in good faith to investigate accessibility issues at the Shell Station and took the following steps towards that end on or before July 27, 2008:

- Affixed signage identifying accessible parking;
- Affixed handicapped tow-away signage in front of the accessible parking space;
- Created an accessible parking space;
- Created a van accessible parking space;
- Measured the cashier counter;
- Measured the pressure of the front doors;
- Determined that the front doors have proper kickplates;
- Removed and/or re-arranged some retail displays; and
- Requested a quote from Richard Tondo, a local vendor, for the cost to modify the cashier's counter and/or service counter.

Despite the good faith steps taken by Humboldt, Ms. Velasquez filed her Complaint against Humboldt in federal court on October 17, 2007, alleging violations of the Americans with Disabilities Act, 42 U.S.C. 12181 *et seq.*, California Civil Code Sections 51, 51.5, 52(a), 52.1, 54, 54,1, 54.3, and 55, and the California Health and Safety Code Section 19955, *et. seq.* (and applicable portions of the Americans with Disabilities Act Accessibility Guidelines and the California Code of Regulations, Title 24, Section 19959).

On January 24, 2008, the parties exchanged Initial Disclosures in accordance with General Order 56 and Federal Rule of Civil Procedure 26 and on January 25, 2008, the parties met for a joint inspection at the Shell Station as required by General Order 56. Following the joint inspection, the parties met and conferred as required by General Order 56.

Between February 15, 2008 and March 26, 2008 the parties continued to meet and confer regarding the alleged accessibility issues at the Shell Station.

On March 26, 2008, the parties narrowed the issues between them to the following:

1. Whether the access aisle's slope must be modified;

        2.      The placement of the tow away sign; and

        3.      Whether or not the Shell Station provides proper assistance to disabled persons who need gas.

### III. LEGAL ISSUES

        1.      Whether Humboldt violated the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 *et seq.*

        2.      Whether Humboldt violated California Health and Safety Code Section 19955, *et seq.*

        3.      Whether Humboldt violated California Civil Code Sections 54, 54.1 and 54.3.

        4.      Whether Humboldt violated California's Unruh Civil Rights Act, California Civil Code Sections 51 and 51.5.

        5.      Whether Ms. Velasquez is entitled to any damages because of the acts alleged in the Complaint;

        6.      Whether Ms. Velasquez suffered emotional distress or pain and suffering as a result of the acts alleged in the Complaint;

        7.      Whether Humboldt acted with actual or implied malice, in reckless disregard or in conscious disregard for the federally and state protected rights of Ms. Velasquez.

        8.      Whether Humboldt is entitled to its legal expenses incurred in defending Plaintiff's frivolous and extortionate lawsuit and whether Ms. Velasquez and her counsel are vexatious litigants pursuant to 28 U.S.C. Section 1651, 28 U.S.C. Section 1927 and the Court's inherent authority.

### IV. MOTIONS

#### A. Prior And Pending Motions

On February 28, 2008, Ms. Velasquez filed a Motion of Need for Mediation with the Court, which the Court granted on March 3, 2008.

On April 14, 2008, Ms. Velasquez filed an Administrative Motion for Relief from General Order 56.

//

On April 17, 2008, Humboldt filed an Opposition to Plaintiff Marcy Velazquez's Motion for Relief from General Order 56's Requirement to Attend Mediation.

On April 18, 2008, Ms. Velasquez filed a Withdrawal of the Administrative Motion for Relief from General Order 56.

On June 23, 2008, Ms. Velasquez filed a Motion for Case Management Conference and Order, which the Court granted on June 27, 2008.

### B. Plaintiff's Anticipated Motions

Plaintiff anticipates filing a motion for summary adjudication.

### C. Defendant's Anticipated Motions

Humboldt anticipates filing a motion for summary judgment, a motion to declare Ms. Velasquez and her counsel vexatious litigants and a motion for attorneys' fees and costs.

## V. AMENDMENT OF PLEADINGS

At this point in time, there has been no amendment of the pleadings and none are anticipated.

## VI. EVIDENCE PRESERVATION

To the best of their knowledge, both parties have fully complied with all evidence preservation requirements.

## VII. DISCLOSURES

Both parties made the requisite initial disclosures as required by Federal Rule of Civil Procedure 26. Any further disclosures will be made as required by Rule 26.

## VIII. DISCOVERY

### A. Plaintiff's Discovery

Ms. Velasquez has not yet begun discovery in this action. Ms. Velasquez intends to pursue the following methods of discovery: Interrogatories, Requests for Production, Requests for Admissions, and depositions.

### B. Defendant's Discovery

Humboldt has not yet begun discovery in this action. Humboldt will pursue the following methods of discovery: interrogatories, document requests, requests for admission and

1  depositions.

**C.     Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

**1.     Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties do not request any changes to the timing, form or requirement for disclosures under Rule 26(a). Both parties made the requisite initial disclosures under Federal Rule of Civil Procedure 26. Any further disclosures will be made as required by Rule 26.

**2.     Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Plaintiff does not anticipate conducting extensive discovery. Plaintiff need only establish in admissible form, the date of construction of the subject facility, the nature and dates of all additions and modifications to the subject property; survey and record the barriers to access in admissible form, and finally, determine which barriers Defendant contends do or do not exist, and which barriers Defendant is willing and unwilling to remove, and why.

Humboldt intends to pursue discovery related to the alleged accessibility issues that Ms. Velasquez allegedly encountered at the 5th Street Shell Station on June 27, 2007 and to pursue discovery related to the vexatious nature of Ms. Velasquez and her counsel's filings in state and federal courts throughout California.

The parties request that this Court order that discovery be completed in accordance with their proposed schedule in section XVII below.

The parties do not request that discovery be conducted in phases, be limited or be focused upon particular issues.

**3.     Rule 26(f)(3): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event that they arise.

///

///

4. **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event that they arise.

5. **Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

The parties do not request any changes regarding the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

6. **Rule 26(f)(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not request any other orders that should be entered by the Court under Rule 26(c), Rule 16(b), or Rule 16(c).

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff seeks to have Defendant remove the barriers to access listed in Plaintiff's Access Consultant's report, (which of course was provided to Defendant pursuant to General Order 56), for minimum statutory damages to Plaintiff under California Disabled Person's Act and Unruh Civil Rights Act, and for reasonable attorney fees and costs as incurred.

### B. Defendant's Position

Following trial, Humboldt will request costs of suit and attorneys' fees.

## XII. SETTLEMENT AND ADR

The parties attended court-ordered mediation without success.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT                 7.                 CASE NO. 07-05284 CW

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Humboldt declined to consent to the assignment of this case to a United States Magistrate Judge.

## XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

### A. For Plaintiff:

Plaintiff anticipates a motion for summary adjudication regarding which barriers to access still exist, and seeking injunctive relief thereon.

### B. For Defendant:

1. That Ms. Velasquez and her counsel are vexatious litigants;
2. That Ms. Velasquez did not suffer any compensable damages; and
3. That Ms. Velasquez and her counsel filed this lawsuit for an improper purpose: to attempt to extort money from Humboldt despite suffering no compensable damages and despite encountering no access barriers.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

(a) Non-Expert Discovery to be completed by January 16, 2009.
(b) Dispositive Motions to be heard by February 16, 2009.
(c) Expert Discovery to be completed by March 18, 2009.
(d) Pretrial Conference to be conducted on April 17, 2009.
(e) Trial requested for May 18, 2009.

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT     8.     CASE NO. 07-05284 CW

## XVIII. TRIAL

The case will be tried to a jury. The parties estimate a 3-5 day trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.  Plaintiff's Disclosure**

Plaintiff is an individual and has no interested entities or persons.

**B.  Defendant's Disclosure**

Humboldt filed a Certificate of Interested Entities or Persons on December 17, 2007 pursuant to Local Rule 3-16. At this point in time, the following listed persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Humboldt Petroleum, Inc. is 100% owned by Humboldt Fuels, Inc. Humboldt reserves the right to supplement this disclosure should additional facts become known to it during the discovery process.

## XIX. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: July 14, 2008

/s/ Jason K. Singleton
JASON K. SINGLETON
SINGLETON LAW GROUP
Attorney for Plaintiff
MARCY VELASQUEZ

Dated: July 15, 2008

*[signature: Aisha Barbeau]*

AISHA N. BARBEAU
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HUMBOLDT PETROLEUM, INC.

Firmwide:85796443.1 058374.1001

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT        9.        CASE NO. 07-05284 CW

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940