**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX 441-1533**

**Attorney for Plaintiff, MARCY VELASQUEZ**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY VELASQUEZ,<br><br>     Plaintiff,<br><br>v.<br><br>HUMBOLDT PETROLEUM, a California corporation, dba 5th STREET SHELL STATION and DOES ONE to FIFTY, inclusive,<br><br>     Defendants. | Case No. C-07-5284 CW<br><br>**DECLARATION OF GORDON CLAPP IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION**<br><br>DATE:  October 2, 2008<br>TIME:   2:00 p.m.<br>CTRM: 2, 4th Floor |

I, GORDON CLAPP, declare as follows:

1. I have personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could and would competently testify to the matters set forth herein.

2. I am a licensed California contractor (CA License #509382) and disability access expert and I performed a site inspection at the Fifth Street Shell on January 25, 2008.

3. I produced the results of my report on February 11, 2008, to the Singleton Law Group. a copy of which is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:     August 12, 2008          /s/ Gordon Clapp
                                     Gordon Clapp

DECLARATION OF GORDON CLAPP          1                          C-07-5284 CW

**CLAPP CONSTRUCTION**
Ca. Lic. #509382
P. O. Box 268
Carlotta, CA 95528
(707) 768-2000

I. GENERAL DISCUSSION OF STATE AND FEDERAL ACCESSIBILITY REQUIREMENTS RELATING TO FIFTH STREET SHELL STATION, 1310 FIFTH STREET, EUREKA, CALIFORNIA

In 1969, the first California accessibility laws for new construction of privately funded public accommodations, *Health and Safety Code* §19955 et seq., were passed. In 1971, *California Health and Safety Code* §19959 was added to require that alterations, structural repairs and addition be on buildings and facilities built before July 1, 1970 be made accessible for persons with disabilities.

Until 1982, the standard used to implement these laws was the A117.1-1961 *American Standard Specifications for Making Buildings and Facilities Accessible to, and Usable by, the Physically Handicapped* (1961 ANSI). In 1982, the *California Building Code Title 24* (California Title 24) accessibility standards went into effect, replacing the 1961 ANSI as the state standards. California Title 24 accessibility standards were revised in 1984, 1986, 1987, 1989, 1994, 1996, 1998 and 2001.

In 1990 the *Americans with Disabilities Act* (ADA) was signed into law. The *Americans with Disabilities Act Accessibility Guidelines* (ADAAG) for making new and remodeled construction of public accommodations accessible went into effect in January 26, 1992.

The ADA requires compliance with state codes when state codes are more restrictive. See 28 *CFR* 36.103(c). Because the California Title 24 accessibility standards have not been certified by the U.S. Department of Justice as being comparable to the ADAAG, new construction and remodeling in California must comply with both the ADAAG and California Title 24. This must be done on an item-by-item basis, applying whichever standard is the greater.

In addition to these state and federal laws requiring new and remodeled construction to be accessible to persons with disabilities, Title III of the ADA requires that architectural barriers to the equal participation of persons with disabilities in public accommodations be removed when it is "readily achievable" to do so. See 28 *CFR* 36.304. When a building or facility is remodeled to comply with the "readily achievable" barrier removal requirements of Title III of the ADA, the remodeling must comply also with the California Title 24.

**Conclusion:** Because the Fifth Street Shell Station is a privately-funded public accommodation, it is governed by the requirements of California Title 24 and the ADA

for new construction and for remodeling projects.  In addition, Fifth Street Shell falls under Title III of the ADA which requires that barriers be removed when it is "readily achievable" to do so.

## II.     INTRODUCTION

On January 25, 2008, I conducted a site inspection of the Fifth Street Shell Station, 1310 Fifth Street, Eureka, California, to determine the extent of architectural barriers. What follows is a list of the architectural barriers determined at that time.

The standards used to determine the presence of architectural barriers are the A117.1-1961 *American Standard Specifications for Making Buildings and Facilities Accessible to, and Usable by, the Physically Handicapped* (1961 ANSI), *California Building Code Accessibility Standards of Title 24* (California Title 24), and the *Americans with Disabilities Act Accessibility Guidelines* (ADAAG).

1.  The access aisle for the accessible parking spaces has a grade in excess of 2% slope; the slope varies from 4% to 7.1%. (see photos 4, 5 & 6)




**California Title 24 §1118A.4.3, ADAAG 4.3.7\*.** The maximum cross slope in any direction of an accessible parking space and adjacent access aisles shall not exceed 2%.

2.   The tow away sign should be located at the actual vehicular entrance to the facility instead the tow away sign, (see photo 7)



**California Title 24 § 1118A.4.5: An additional sign shall also be posted in a conspicuous place at each entrance to off-street parking facilities or immediately adjacent to and visible from each stall or space.** The sign shall not be less than 17" (432mm) by 22" (559mm) in size with lettering not less than 1 inch (25 mm) in height, which clearly and conspicuously states the following:

> Unauthorized vehicles parked in designated handicapped spaces not displaying distinguishing placards or license plates issued for physically disabled persons may be towed away at owner's expense. Towed vehicles may be reclaimed at -------or by telephoning-----

(Emphasis added)  **ADAAG 4.6.4***

3.   The cross slope on the accessible parking space exceeds 2% and varies from 3.9% to 4.2% for both spaces (see photos 9 & 11).

 

**California Title 24 § 1118A.4.4, ADAAG 4.6.3 Slope of parking spaces.** Surface slopes of accessible parking spaces shall be the minimum possible and shall not exceed ¼ inch (6 mm) per foot (2.083% gradient) in any direction.

4.  The highest operable portion of the gas pumps exceeds 54" in height (see photos 12 & 13).

 

**California Title 24 § 1118B.5, Forward Reach.** If the clear floor space allows only forward approach to an object, the maximum high forward reach allowed shall be 48" (1219 mm) [see Figure 11B-5C (b)]. The minimum low forward reach is 15" (381 mm). If the high forward reach is over an obstruction, reach and clearances shall be as shown in Figure 11B-5C (a).  **ADAAG 4.2.5\***

**California Title 24 § 1118B.6, Side Reach.** If the clear floor space allows parallel approach by a person in a wheelchair, the maximum high side reach allowed shall be 54" (1372 mm) and the low side reach shall be no less than 9" (229 mm) above the floor [see Figure 11B-5D (a) and (b)]. If the side reach is over an obstruction, the reach and clearances shall be as shown in Figure 11B-5D (c). See Figure 11B-5D.  **ADAAG 4.2.6\***

5.  Inside the Mini Mart there is insufficient clear space between the ATM machine and an interior support pillar, (See photos 14 & 15)

 

**California Title 24 §1118B.1, Wheelchair Passage Width.** The minimum clear width for single wheelchair passage shall be 32" (813 mm) at a point and 36"

(914 mm) continuously. See Figure 11B-12.  **ADAAG 4.2.1***

6. The pathway to the accessible restroom is constricted at one location by built in counter structures (see photos 16 & 17). See applicable codes in #5 above.

 

7. There is a sink built into the self service coffee counter and above the sink there is a paper towel dispenser the highest operable portion of the paper towel dispenser exceeds 54 inches (see photo 18).



**California Title 24 §1118B.5, ADAAG 4.2.5* Forward Reach.** If the clear floor space allows only forward approach to an object, the maximum high forward reach allowed shall be 48" (1219 mm) [see Figure 11B-5C (b)]. The minimum low forward reach is 15" (381 mm). If the high forward reach is over an obstruction, reach and clearances shall be as shown in Figure 11B-5C (a).

**California Title 24 §1118B.6, ADAAG 4.2.6*Side Reach.** If the clear floor space allows parallel approach by a person in a wheelchair, the maximum high side reach allowed shall be 54" (1372 mm) and the low side reach shall be no less than 9" (229 mm) above the floor [see Figure 11B-5D (a) and (b)]. If the side reach is over an obstruction, the reach and clearances shall be as shown in Figure 11B-5D (c). See Figure 11B-5D.

FIFTH STREET SHELL SITE INSPECTION REPORT                                                                  Page 6

8.  The lavatory in the restroom does not provide 28" of knee space underneath the lavatory. (See photo 24). **California Title 24 § 1115B.9.1, ADAAG 4.19.2, 4.19.6.**



9.  The lavatory does not have insulated wrapping on the pipes underneath the sink. (See photos 22 & 24). **California Title 24 § 1115B.2.1.2.2, ADAAG 4.19.4.**

 

10. The grab bar on the wall to the left of the toilet does not extend 24 inches in front of the front of the toilet. (See Photos 27 & 28). **California Title 24 § 1115B.8.1, ADAAG 4.16.4*.**

 

11.  The trash can In the restroom blocks the clear space to the left of the toilet.  See Photo 30).



**California Title 24 §1115B.7.2,** states:  The water closet shall be located in a space, which provides a minimum 28-inch-wide (711 mm) clear space from a fixture or a minimum 32" wide (813 mm) clear space from a wall at one side. The other side shall provide 18" (457 mm) from the centerline of the water closet to the wall. A minimum 48" (1219 mm) of clear space shall be provided in front of the water closet.  **ADAAG 4.16.2**

12.  The west parking space is 11' by 14' and the east parking space is 8.5' by 16' and the access aisle shared by two spaces.  Two parking spaces are allowed to share an access aisle provided all three spaces meet the requirements in 1118A.4.1 below.  A van accessible space is required and must meet the requirements of 1118A.8.4.2 below.

**California Title 24 §1118A.4.1: Single parking space size.** *Where single spaces are provided, they shall be 14 feet (4267 mm) wide and outlined to provide a 9-foot (2743 mm) parking area and a 5-foot (1524 mm) loading and unloading access aisle on the **passenger side** of the vehicle.* **When more than one space is provided in lieu of providing a 14-foot-wide (4267 mm) space for each parking space, two spaces can be provided within a 23-foot-wide (7010 mm) area lined to provide a 9-foot (2743 mm) parking area on each side of a 5-foot (1524 mm) loading and unloading access aisle in the center.** The minimum length of each parking space shall be 18 feet (5486 mm). The words NO PARKING shall be painted on the ground within each five-foot (1524 mm) loading and unloading access aisle. This notice shall be painted in white letters no less than 12-inches (154 mm) high and located so that it is visible to traffic enforcement officials. (emphasis added)  **ADAAG 4.6.3***

**California Title 24 §1118A.8.4.2: Van parking. One in every eight accessible spaces, but not less than one, shall be served by an access aisle 8' (2438 mm) wide minimum, placed on the side opposite the driver's side when the vehicle is going forward into the parking space and shall be designated van accessible as required by §1118A.4.1.** All such spaces may be grouped on one level of a parking structure.  The words NO PARKING shall be painted on the

ground within each 8' (2438 mm) loading and unloading access aisle. This notice shall be painted in white letters no less than 12" (154 mm) high and located so that it is visible to traffic enforcement officials. (Emphasis added)  **ADAAG 4.6.4\***

Respectfully submitted,

`/s/ Gordon Clapp`

Gordon E. Clapp